CINCINNATI INSURANCE COMPANY, APPELLANT, *v.* CITIZENS HOME SAVINGS, APPELLEE, ET AL.

(No. 3800 — Decided April 24, 1985.)

*Jerome J. Savoy,* for appellant.

*Anthony B. Giardini,* for appellee Citizens Home Savings.

*Philip T. Taylor,* for Adrienne Smith.

MAHONEY, J. Plaintiff-appellant, the Cincinnati Insurance Company ("Cincinnati"), challenges an order issued by the Lorain County Court of Common Pleas after a bench trial finding that defendant-appellee, Citizens Home Savings Company ("Citizens"), had no duty to reimburse appellant for funds paid to the successor guardian by appellant on a fiduciary bond on co-defendant, Adrienne Smith ("Smith"), former guardian of the estates of her four children. We affirm.

Smith was appointed guardian of the estates of her four minor children in May 1981. Pursuant to R.C. 2109.04, she obtained a $44,000 bond from Cincinnati. In July the estates received the proceeds of an insurance policy written on the life of Smith's mother, totaling $21,500. On August 19, 1981, Smith opened a $21,500 money market certificate as guardian for the children at the main office of Citizens. She apparently presented a Proof of Guardianship Certificate when she opened the account.

On August 24, 1982, and again on September 20, 1982, Smith withdrew sums totaling $6,000 from the account. From November 1982 through mid-February 1983, she borrowed a total of $17,826 from Citizens using the certificate account as a pledge for the loans. All the promissory notes were signed by Smith in her capacity as guardian, and payments were made to her as guardian and not individually.

On August 11, 1983, the probate court removed Smith as guardian and ordered Cincinnati to pay the successor guardian $14,111.08, representing $17,826 less $3,714.92 actually used for the wards' benefit. Cincinnati then brought the instant cause against Smith and Citizens alleging, *inter alia,* that Citizens was negligent in allowing Smith to pledge the certificate of deposit as collateral. The trial court found that Smith alone was responsible for reimbursing Cincinnati and entered judgment in favor of Citizens on the second claim in Cincinnati's complaint.

### Assignments of Error

"I. The trial court erred in finding that the defendant Citizens acted in good faith with respect to the interest of the wards of the guardianship when it gave loans to the guardian on the pledge of the guardian's account.

"II. The trial court erred in granting judgment to the defendant Citizens on the plaintiff's complaint, that being against the manifest weight of the evidence and contrary to law."

Cincinnati contends that, since no Ohio statute expressly authorizes a guardian to pledge all or part of a ward's estate without court approval, guardians may not pledge the estate without a court order. According to appellant, because Citizens allegedly had constructive knowledge of this alleged Ohio law and actually knew that Smith was a court-appointed guardian, it improperly accepted the pledges and should reimburse Cincinnati for the amount paid on its bond.

It is true that no Ohio statute expressly authorizes such pledges without a court order. R.C. 2111.20 permits a guardian to sell a ward's personal property without court approval. R.C. 2111.13 and 2111.14 place the burden of acting in the best interests of wards upon the guardian. Posting the bond and making periodic accountings insure that the ward's estate will be protected from unwarranted sales of personal property. Surely, if a guardian can completely alienate such property without a court order, the guardian should be able to pledge the property as collateral for a loan for the benefit of the ward. In this

situation, the estate is protected by the bond and the accounting as well.

Thus, Citizens was under no statutory duty to require a court order before accepting the pledges. Nor do the circumstances suggest that Citizens should have inquired as to restrictions which may have been placed on the guardian by order of the probate court.

The trial court found that:

"* * * Further, defendant Citizens has [*sic*] no actual knowledge of any such restrictions. The duty to properly disburse guardianship funds is upon the guardian, and defendant Citizens cannot be held responsible for defendant Smith's improper acts when defendant Citizens neither knew nor was it under any duty to know that defendant Smith was intentionally violating an order of probate court."

The record supports this finding. *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 80; and *C.E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261].

We overrule both of appellant's assignments of error. The judgment is affirmed.

*Judgment affirmed.*

GEORGE, P.J., and BAIRD, J., concur.